PARK, CARPENTER, FOSTER AND SEYMOUR, Js.

---

CHARLES CANNON *vs.* HENRY SIPPLES AND OTHERS.

A replevin process issued by competent authority and regular and valid on its face, is a protection against an action of trespass for all acts legitimately done under it.

It makes no difference that the process is fraudulently or maliciously procured and used. The remedy in such case is by an action of trespass on the case.

And this principle applies to all process regularly issued. No person can become a trespasser by acting under it.

TRESPASS, for taking and carrying away personal property; brought to the Superior Court in the county of Fairfield, and tried to the jury upon the general issue, with notice of a defence under a replevin process, before *Minor, J.* Verdict for the plaintiff, and motion for a new trial by the defendants for errors in the rulings and charge of the court. The case is fully stated in the opinion.

*Todd,* in support of the motion.

*Taylor,* contra.

FOSTER, J. The defendants seek to justify the trespass complained of in this case, by virtue of the process under

VOL. XXXIX.—64

which they claim that the acts charged were done. What was that process, and how far, if at all, is it a justification, are the questions presented for our determination. The process is a copy of the form found in our statutes (Gen. Statutes, pages 79, 80,) for the replevin of goods and chattels unlawfully detained otherwise than by attachment. The writ is in favor of Sipples, one of the defendants, and against Cannon, the present plaintiff, and Alfred A. Heath. Newman, one of the defendants, was a deputy sheriff who served this process, and Sturges, the other defendant, acted, it was claimed, as agent of Sipples, the plaintiff in the replevin suit, and of the officer who served that writ. On the trial below the defendants claimed that this was a regular and valid writ ; that it was a justification, in this action, to the party who sued it out ; to the officer who served it ; and to all those persons who, at his request, or by his direction, assisted in the service. And the defendants prayed the court so to charge the jury.

The plaintiff claimed that the writ of replevin was sued out by the defendants, Sipples and Sturges, they then well knowing that it was to be used for the purpose of replevying property which had been levied upon, and was then holden under an execution, in favor of one Patchen, against Sipples, which execution the defendants knew belonged to this plaintiff, Cannon. And the plaintiff requested the court to charge the jury that if they should find such facts proved, then the writ and process of replevin would not justify those two defendants. The plaintiff further claimed that all the defendants fraudulently conspired together to cause the writ of replevin to be fraudulently issued, to regain possession fraudulently of the property levied on and held under the execution, and to annoy and harass the plaintiff by attaching his property, and removing the same out of his possession ; well knowing that no such writ could be legally issued. And the plaintiff requested the court to charge the jury that if they should find such claims true, then the writ of replevin would not justify any of the defendants in doing the acts complained of. On the claims of the defendants, as above set forth, the court charged the jury, that the writ and process of replevin would

be a perfect justification to the officer Newman, one of the defendants, provided the property sought to be replevied was, at the time of service, found in the possession or in the control of the plaintiff Cannon; and that if the property was not so found, the process would not be a justification. The court further charged the jury in conformity to each of the claims made as above stated by the plaintiff. That the process in replevin was issued by competent authority, and that it was regular and valid on its face, does not seem to be questioned. Such process must be a protection against an action of trespass, for all acts legitimately done under it; the persons doing those acts are surely not trespassers.

The case of *Watson* v. *Watson*, 9 Conn., 140, seems to be decisive of this case. That was an action of trespass for taking and carrying away a horse of the plaintiff. The plaintiff proved property in the horse, and that the defendants took him forcibly out of his possession. The defence was that he was taken on a writ of replevin, regular and valid on its face. It was proved that the horse in question was not distrained, impounded, attached, or in any other way in the custody of the law, but was in the actual possession of the plaintiff; and that these facts were well known to both the defendants at the time the writ of replevin was taken out and served. The court held the process to be a justification, and that the action of trespass would not lie. One of the defendants was the plaintiff in replevin, who sued out the writ, the other was the officer who served it. The case is stronger than the case at bar. In that case the property did not belong to the plaintiff in replevin; it had not been attached or impounded; was, in no way, in the custody of the law; and the plaintiff knew he had no cause of action. In this case the property belonged to Sipples, had been taken from him, and was held by process of law. The correctness of the decision in *Watson* v. *Watson* is sustained on principle, and by the highest authorities. 1 Chit. on Plead., 136, 187; 3 Stark. Ev., 1446; 2 Saund. Plead. and Ev., 651; 1 Archb. Law of Nisi Prius, 405, and cases cited *ibid*; *Waterer* v. *Freeman*, Hob., 205, 266; *Belk* v. *Broadbent*, 3 T. R., 183; *Cooper* v. *Booth*,

3 Esp. Rep., 135; *Elsee* v. *Smith*, 1 Dow. & Ry., 97, (16 E. C. L., 19;) *S. C.*, 2 Chit., 304, (18 E. C. L., 344;) *Hensworth* v. *Fowkes*, 4 Barn. & Adol., 449, (24 E. C. L., 99;) *Hayden* v. *Shed*, 11 Mass., 500; *Luddington* v. *Peck*, 2 Conn., 700.

The grievance of the plaintiff in this case is founded upon the wrongful, fraudulent, or malicious use of the authority of law. That legal process may be procured and so used with impunity, is a proposition too monstrous to be debated. The proper remedy however is an action on the case, in which the malice may be alleged and proved; not an action of trespass. More than fifty years ago this court, in the case of *Luddington* v. *Peck*, refused to hear counsel on the point that trespass was not sustainable for an injury effected under regular process of court, whether mesne or final. In the case in 3 T. R., quoted above, Lord Kenyon says: " It is incomprehensible to say that a person shall be considered a trespasser who acts under the process of the court." And the Supreme Court of Massachusetts in the case quoted from that state, say: " The case is not stronger for the present plaintiff than if he had been sued without any cause of action whatever, and that certainly known to the party who commenced the suit, and yet it is well settled that trespass will not lie for such an injury. * * * If one, knowing that he has no cause of action or complaint, cause another to be arrested, the latter may maintain an action upon the case for this injury: * * * but he could not in such a case maintain trespass." We have recently held in the case of *Howard* v. *Crandall*, (ante, page 213,) that property held on execution was not repleviable, but we think that does not affect the applicability, to this case, of the principles here laid down. In *Watson* v. *Watson* the horse which was the subject of the suit was clearly not repleviable, yet the process was a protection against the action of trespass. Allusion was made by the plaintiff's counsel in argument to certain defects and irregularities said to exist in the service of the writ of replevin under which the defendants attempted to justify, but as no such questions appear on the record to have been made

Williams *v.* N. York & N. Haven R. R. Co.

in the court below, we cannot here take them into considera-
tion. We think the instruction of the court to the jury was
erroneous, and a new trial is therefore advised.

In this opinion the other judges concurred.