Rockingham,
June, 1897.

## HETT v. BOSTON & MAINE RAILROAD.

A refusal to deliver property to the owner upon his demand is evidence tending to show a conversion, and like other inconclusive acts, is open to explanation.

The failure of a railroad company to deliver to the owner and consignee upon his demand property entrusted to them for carriage and afterward attached in an action against the consignor does not constitute a conversion.

A refusal by the agent of a railroad company to deliver freight upon the demand of the owner and consignee unless a disputed charge for detention was paid, or until further instructions were received from the company, is not sufficient evidence of a conversion.

TROVER, for articles used in a merry-go-round. Trial by the court. The writ is dated October 10, 1895. July 29, 1895, the plaintiff owned the property and leased it for the term of three months to D. & H., reserving the right to retake the same whenever the payments for its use were not made each week in advance. D. & H. set up and used the merry-go-round at various places until the evening of September 21, 1895, when they yielded to the plaintiff's demand for the property because of the non-payment for its use. They loaded it upon a freight car of the defendants at Nashua, to be transported to the plaintiff at Portsmouth, and took a way-bill containing the following conditions: "The owner or consignee shall pay freight and all other charges accruing on said property before delivery. . . . The delivering carrier may make a reasonable charge per day for the detention of any car, and for the use of track after the car has been held forty-eight hours for unloading, and may add such charges hereunder and hold said property

subject to a lien therefor." September 23, 1895, D. & H. formally surrendered the merry-go-round then in the defendants' car to the plaintiff, and delivered to him the way-bill. On the same day and before the defendants moved the car, the merry-go-round was attached as the property of D. & H., and notice of the attachment was given to the defendants. September 26, 1895, the plaintiff was informed of the attachment, and October 4, 1895, he went to Nashua and demanded the property of the defendants' station agent and of their superintendent, each of whom declined to deliver it for the reason that it was attached. October 10, 1895, the plaintiff was notified that the property had arrived at Portsmouth, and that the charges upon it were $18 for freight and $8 for the detention of the car at Nashua while the property was under attachment. He tendered the station agent at Portsmouth $18 and demanded the property. The agent replied that he had no discretion in the matter and told the plaintiff that he had better pay the sum of $26, or agree to pay it, and that thereupon he would deliver the goods and send to Boston to learn if he could get a release or discharge of the extra item of $8. The plaintiff declined and repeated his demand for the property. The station agent refused to deliver it unless the plaintiff would pay or promise to pay the $26, if the defendants would not remit the item of $8. Thereupon the plaintiff caused the writ to be made and served. On the evening of the next day or morning of the day after, the agent informed the plaintiff that the $8 item was remitted, and that he could have the goods upon paying the freight. The plaintiff replied that the matter was in the hands of his attorney. If on these facts it can properly be found that there was a conversion by the defendants, there is to be judgment for the plaintiff; otherwise, for the defendants.

*Samuel W. Emery*, for the plaintiff.

*John S. H. Frink*, for the defendants.

CARPENTER, C. J. "To constitute a conversion there must be some exercise of dominion over the property in repudiation of, or inconsistent with, the owner's rights." *Evans* v. *Mason*, 64 N. H. 98; *Baker* v. *Beers*, 64 N. H. 102. A refusal to deliver property to the owner upon his demand is not of itself a conversion. It is evidence tending to show a conversion, but like other inconclusive acts is open to explanation. It is a sufficient answer that it is not in the power of the defendant to comply with the demand. *Johnson* v. *Couillard*, 4 Allen 446. When the plaintiff made the demand upon the defendants at Nashua, the property was not in their possession. By

the attachment it passed into the custody of the law. *Verrall* v. *Robinson*, 2 C. M. & R. 495; *Stiles* v. *Davis*, 1 Black 101; *Osgood* v. *Carver*, 43 Conn. 24, 30; *Fletcher* v. *Fletcher*, 7 N. H. 452. It was as effectually out of their possession and beyond their control as it would have been if the sheriff had removed it from the car and carried it away. They could not lawfully prevent the officer from taking it, nor retake it from his possession. *State* v. *Fifield*, 18 N. H. 34; *State* v. *Richardson*, 38 N. H. 208. Instead of asserting, they disclaimed any dominion over the property by informing the plaintiff that it was not in their possession, but in the custody of the law.

The refusal of the defendants' station agent at Portsmouth to deliver the goods unless the plaintiff would pay or promise to pay the charge of $8 for the detention of the car at Nashua presents a different question. It is not necessary to determine whether the plaintiff was liable to the defendants for that charge. It may be assumed that he was not. The agent informed the plaintiff that he had no authority to deliver the property without payment of the $8, but offered to deliver it on payment of that sum (to be refunded if his employers should find the charge unwarranted, or remit it), or upon a promise to pay in case they should not remit it; and neither of these propositions being accepted, declined to deliver the goods until he could communicate with the defendants and obtain instructions.

If there is a reasonable doubt of the demandant's right to the possession of the property, a refusal to deliver it until a reasonable opportunity is had to ascertain his right is not sufficient evidence of a conversion. In such a case the law does not require one to act on the instant and either comply with or deny the demand at his peril. *Robinson* v. *Burleigh*, 5 N. H. 225; *Fletcher* v. *Fletcher*, 7 N. H. 452; *Sargent* v. *Gile*, 8 N. H. 325, 331; *Vaughan* v. *Watt*, 6 M. & W. 492; *Hollins* v. *Fowler*, L. R. 7 H. L. 757, 766. It is immaterial on what particular point material to the justice of the demand the doubt exists. It may arise upon the question of lien by the holder, or the amount of the lien, as well as upon the identity or authority of the person making the demand. Where the facts are undisputed and the doubt is upon a question of law, a refusal to deliver until the advice of counsel can be obtained may be considered as the result of a reasonable hesitation in a doubtful matter. *Cushing* v. *Breck*, 10 N. H. 111, 116; *Eastman* v. *Association*, 65 N. H. 176. Upon the facts stated, it could not be found that the station agent's doubts whether the charge for the detention of the car was lawful, and whether the defendants would insist upon or waive its payment, were not reasonable; and his refusal to deliver the property until he could obtain the defendants' instructions was not sufficient evidence of a conversion. The

question whether the time required for or occupied in procuring the instructions was reasonable (*Sargent* v. *Gile,* 8 N. H. 325, 331) does not arise, because the plaintiff brought his action immediately after the demand.

Whether the same result might be reached upon the ground that the plaintiff's demand upon the station agent, who he knew had no authority to comply with it, was not a demand upon the defendants (3 Stark. Ev. 1500; Poll. Torts 291; *Pothonier* v. *Dawson,* 1 Holt N. P. 383; *Storm* v. *Livingstone,* 6 Johns. 44; *Mount* v. *Derick,* 5 Hill 455; *Goodwin* v. *Wertheimer,* 99 N. Y. 149), is a question not considered.

*Judgment for the defendants.*

BLODGETT, J., did not sit: the others concurred.