Hillsborough, }
March 1, 1932. }

DENNIS E. CONNORS *v.* CHARLES J. DIONNE.

*Ivory C. Eaton* (by brief and orally), for the plaintiff.

*John D. Warren* and *Albert Terrien* (*Mr. Terrien* orally), for the defendant.

PEASLEE, C. J.   While the findings are not entirely clear, they are understood to mean that the defendant, in his capacity of deputy sheriff, attached a derrick and engine belonging to the plaintiff as the property of a third party.   Thereupon the plaintiff made a demand for the property which was not complied with.   Four years later the plaintiff made a second demand, and thereupon the attachment was released.   The court found for the plaintiff in the amount the property had decreased in value during the four years.

The plaintiff's claim that he can recover the full value of the property cannot be sustained.   By making the second demand he elected to treat the property as still his; and he cannot now be heard to say that giving the property up to him upon that demand was not a return thereof to which he assented.

The defendant's claim of no liability stands no better.   Assuming that the defendant's situation when the first demand was made was such as to entitle him to reasonable time in which to ascertain the state of the title, without being guilty of conversion (*Hett* v. *Railroad*, 69 N. H. 139), there is no evidence that he desired time for any such purpose.   His subsequent unexplained holding the property under the attachment for four years warranted the finding that there was a conversion.

The court applied the correct rule of damages, which is the difference between the value of the property at the time of the conversion and its value when returned to the owner.   *Gove* v. *Watson*, 61 N. H. 136.

*Exception overruled.*

All concurred.