[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR PREJUDGMENT REMEDY CT Page 9514
This is an action for damages for malicious prosecution. The plaintiff claims that the defendants initiated a criminal prosecution against him for a charge of criminal mischief in the third degree for an incident around April 2, 1988 and on a charge of threatening which allegedly occurred on May 1, 1988. The criminal mischief charge was dismissed by the court (West, J.) and a jury found the plaintiff in this action, Robert Wolf, not guilty of the charge of threatening. The plaintiff has requested a prejudgment remedy (hereafter "PJR") of $300,000.00 against the defendants for allegedly initiating the prosecution of both charges.
In order to obtain a PJR, a plaintiff must show that there is probable cause to sustain the validity of the claim. Three S. Development Co. v. Santore, 193 Conn. 174, 175. Proof of probable cause is not as demanding as proof by a preponderance of the evidence. Ledgebrook Condominium Assn., Inc. v. Lusk Corporation, 172 Conn. 577, 583. The court determines probable success by weighing probabilities. Three S. Development Co. v. Santore, supra, 176. The court evaluates the plaintiff's affidavit, the evidence and documentary proofs submitted by both sides at the hearing. William M. Raveis Associates, Inc. v. Kimball, 186 Conn. 329, 333. It assesses the legal issues and weighs the credibility of witnesses. Darien Realty Advisors, Inc. v. Reeves, 10 Conn. App. 145, 146. In addition to proving probable cause on all elements of a malicious prosecution action, the plaintiff must also produce sufficient facts to establish the amount of damages that may be recovered at a trial on the merits. Essex Group, Inc. v. Ducci Electric Co., 181 Conn. 524, 525.
In order to prove an action for malicious prosecution, the plaintiff must prove lack of probable cause for commencing the prior criminal proceeding, malice and a discharge of the plaintiff on the criminal charges. Zenik v. O'Brien, 137 Conn. 592, CT Page 9515 595; McGann v. Allen, 105 Conn. 177, 185; see also Vandersluis v. Weil, 176 Conn. 353, 356. There were two separate criminal charges against the plaintiff and each must be evaluated separately. In addition to showing that a criminal proceeding was commenced and prosecuted against the plaintiff, there must also be proof that one or both of the defendants caused the proceeding to be instituted. Zenik v. O'Brien, supra, 595. A person is not liable for malicious prosecution where he gives information which he reasonably believes to be true to a law enforcement officer and upon which the officer, in the exercise of an uncontrolled discretion, initiates criminal proceedings. Id., 596. This concept does not apply where the defendant not only expresses to the officer his opinion of the plaintiff's guilt, but requests the officer to commence a prosecution. Following this test, the plaintiff has met the probable cause standard that the named defendant initiated the threatening charge, but it has not been shown that the defendants did anything more than suggest to the police that they suspected the plaintiff was the person who did the act which resulted in the criminal mischief charge. The police did their own investigation from which a court concluded there was probable cause to arrest the plaintiff on that charge.
The evidence proved that the plaintiff was discharged on both criminal charges. The plaintiff must also prove lack of probable cause and malice in a malicious prosecution action. Probable cause is the knowledge of facts sufficient to justify a reasonable person in the belief that there are reasonable grounds for prosecuting an action. McGann v. Allen, supra, 186; Vandersluis v. Weil, supra, 356. The plaintiff has not met the standard of proof on a PJR that the defendants did not have probable cause for contacting the police. A reasonable person in the position of the defendants at the time knew that their fence posts were cut and reasonably suspected from the surrounding circumstances that the plaintiff cut them. Since the named defendant was directly involved with the plaintiff on the facts leading to the threatening charge, he had probable cause for contacting the police about the incident even though the jury later found the plaintiff not guilty of that charge, presumably because the state did not prove all elements of the crime of threatening beyond a reasonable doubt.
There is apparently a history of incidents between the parties to this action. Malice requires an improper motive. 52 Am.Jur.2d Malicious Prosecution, Sec. 48; Ives v. CT Page 9516 Bartholomew, 9 Conn. 309, 313. The hostile prior relationship between the parties provides some evidence of malice, but it is unnecessary to resolve whether sufficient evidence of it has been shown for a PJR since there is inadequate evidence of lack of probable cause for initiating both prosecutions. Even where proof of malice exists, this does not allow an inference of lack of probable cause. McGann v. Allen, supra, 187; Vandersluis v. Weil, supra, 356.
The PJR is denied.
Robert A. Fuller, Judge