[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (NO. 152)
This decision considers a motion to strike a special defense to a counterclaim.
The relevant pleadings must be briefly described. The plaintiffs (the "Spears") allege in their complaint that the defendant ("Summit") brought a vexatious suit against them. Summit subsequently filed a counterclaim alleging abuse of process. The gist of the counterclaim is that the Spears have been ordered by the United States District Court for the District of Connecticut to pay Summit the sum of $13,463 for attorney's fees and court costs and that the instant lawsuit was commenced primarily to hinder or prevent Summit from collecting this money. The Spears thereupon filed a special defense to the counterclaim. (It is entitled "First Special Defense," but no other special defense is alleged.) That special defense states in full that, "The Defendant/Counterclaim Plaintiff has been free at an [sic] time since 1992 to enforce the Judgment of costs and attorney's fees which it obtained in the said Federal litigation entitled Spear v. Town of West Hartford." Summit has now moved to strike the special defense, claiming that it does not constitute a defense to the counterclaim. For the reasons set forth below, the motion to strike must be granted. CT Page 7995
The function of a special defense is to set forth facts that are consistent with the complainant's allegations "but show, notwithstanding, that [it] has no cause of action." Practice Book § 164. See Pawlinski v. Allstate Insurance Co.,165 Conn. 1, 6-7, 327 A.2d 583 (1973). The special defense in question does not serve this function.
The tort of abuse of process is defined by the Second Restatement of Torts as follows. "One who uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process." Restatement (Second) of Torts, § 642 (1977). Our Supreme Court has indicated that this definition is controlling in Connecticut. Mozzochi v. Beck, 204 Conn. 490,494, 529 A.2d 171 (1987). The counterclaim here alleges that the instant lawsuit was brought to hinder or prevent Summit from collecting a judgment. The fact, assuming it to be true, that Summit has been free to collect this judgment does not show that Summit has no cause of action. Assuming, for purposes of argument, that the instant lawsuit was brought for an improper purpose — namely that of interfering with Summit's collection efforts — it has either succeeded in its improper purpose or it has not. If it has succeeded, the Spears are liable to Summit for the harm caused by this success. If it has not succeeded, Summit's damages may well be diminished, but this fact would not in itself negate the possibility of damages resulting from the abuse of process itself. SeeMcGann v. Allen, 105 Conn. 177, 184, 134 A. 810 (1926). In either case, Summit's alleged freedom to collect its judgment does not nullify the cause of action.
The motion to strike is granted.
Jon C. Blue Judge of the Superior Court