[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #114
On May 18, 1993, the town of Clinton commenced an action to foreclose on property owned by Brian Alden and located at 140 Killingworth Turnpike in Clinton. A foreclosure by sale was ordered, and the property was sold to the plaintiff, Louis Chiocchio. The judgment of foreclosure by sale was confirmed by the Superior Court on November 28, 1994, and Alden did not file an appeal at that time.
On January 20, 1995, Alden finally did file an appeal with the Appellate Court. On January 17, 1997, the plaintiff filed a seven count complaint alleging that the appeal and subsequent filings constituted an abuse of process. The plaintiff named Brian Alden and Alden's attorney, Pat Labbadia III, as defendants.[1]
Labbadia filed a motion to strike all counts of the complaint. The court, O'Keefe, J., issued a memorandum of decision striking the fifth count of the complaint but denying Labbadia's motion to strike the remaining counts.[2] In response to the court's decision, the plaintiff filed a motion to reargue on August 31, 1998. On October 2, 1998, the court, O'Keefe, J., granted the plaintiffs motion to reargue, limited to the fifth count of the complaint.[3] The sole issue now before the court is that portion of Labbadia's motion which seeks to strike the fifth count of the complaint on the ground that this count is an improperly joined cause of action.
"Whenever any party wishes to contest the joining of two or more causes of action which cannot properly be united in one complaint, whether the same be stated in one or more counts, that party may do so by filing a motion to strike." Griffith v. Espada, Superior Court, judicial district of New Britain, Docket No. CV 98 0489998 (January 25, 1999, Robinson,J.).
For more than a century and a halt the law in this state has been that a common law count for vexatious suit cannot be joined with a count based on a statutory cause of action for vexatious litigation. Whipple v.Fuller, 11 Conn. 582, 586-87, 29 American Decisions 330 (1836); ChiocchioCT Page 8046v. Alden, Superior Court, judicial district of New Haven, Docket No. CV 97 0395862 (August 12, 1998, O'Keefe, J.).
In the present case, the fifth count of the complaint alleges a common law cause of action for vexatious suit; the sixth count alleges a statutory cause of action under General Statutes § 52-568 (a)(1) for vexatious suit; and the seventh count alleges a statutory cause of action under § 52-568 (a)(2) for vexatious suit. In moving to strike the fifth count of the complaint, Labbadia argues that the fifth count should be stricken because "our courts have held that a count for malicious prosecution of a civil action could not be joined with a count for violation of our statutes relating to vexatious suits."
In opposition, the plaintiff argues that common law vexatious suits may be joined with statutory causes of action.[4] The plaintiff also argues that Whipple has been overruled. The plaintiff, however, has provided no authority, nor is this court aware of any, that supports such an argument. Although the plaintiff has provided this court with a citation to support his argument, a review of that case indicates that it does not support the plaintiffs contentions. The plaintiff has cited McGann v.Allen, 105 Conn. 177, 184-185, 134 A. 810 (1926), in support of his argument that Whipple has been overruled. A reading of McGann, however, demonstrates that there are no references to Whipple whatsoever. Furthermore, the Supreme Court in McGann does not even address the issue of whether a common law cause of action for vexatious suit may be joined with a statutory cause of action. Accordingly, this court finds that the plaintiff has cited McGann to support an argument for which there is no basis.
Based upon the Supreme Court's holding in Whipple, a decision which, despite the plaintiffs protestations, has not been subsequently overruled, the plaintiff has improperly joined a common law cause of action and a statutory cause of action for vexatious suit. The motion to strike the fifth count is therefore granted.
 ___________________ Jonathan E. Silbert, Judge