# JOHN H. MERTENS *vs.* WALTER E. MUELLER.

*Malicious prosecution: punitive damages; condition of the parties; actual malice; members of firm; personal responsibility; aiding prosecution. Larceny: evidence of criminal intent in removing goods; railroad station to which taken.*

In an action for damages for malicious prosecution, evidence tending to show actual malice is admissible. p. 533

Where the foundation of an action is malice, and punitive damages are to be awarded, the condition and means of the parties are proper subjects of inquiry. p. 534

Where a malicious prosecution is based upon an arrest for larceny, evidence as to what railroad station the goods in question were taken by the plaintiff is admissible, as reflecting upon the question of criminal intent. p. 533

In such a suit an instruction to the effect that the defendant is liable if the jury find he aided, etc., in procuring the arrest and prosecution of the plaintiff under such circumstances as would not have induced a reasonable and dispassionate man to have undertaken such prosecution from public motives, correctly represents the law as to probable cause. p. 535

In a suit for malicious prosecution, the gravamen of the action is malice. p. 536

Malice can not be alleged of a firm, unless all the partners are concerned. p. 536

In an action of malicious prosecution, it is not necessary to prove that the defendant himself swore out the warrant; it is sufficient to show that he voluntarily aided in the prosecution. p. 537

Where a witness testifies in response to a summons from the State's Attorney, it is not a voluntary aiding or abetting of the suit. p. 537

Individual members of a firm are not liable in such a suit merely because one of the firm ordered the arrest; it must be shown that such action by the member of the firm had received prior authority or had been subsequently ratified by the firm.                                        p. 536

A prayer which leaves it to the jury in such a case to find a member of the firm individually liable, without requiring them to find whether such prior authority or ratification had been given to the act complained of, is erroneous.      p. 536

*Decided January 22nd, 1913.*

Appeal from the Circuit Court for Washington County (KEEDY, J.).

The following are the prayers of the plaintiff and of the defendant, with the action of the trial Court upon each:

*Plaintiff's First Prayer.*—The plaintiff prays the Court to instruct the jury that if they shall find from the evidence that the plaintiff was indicted, tried and acquitted in the Circuit Court for Allegany County, State of Maryland, on the charge set forth in the record of the Court and the docket entries read in evidence; and shall find that the defendant, John H. Mertens, aided and assisted in procuring the arrest and prosecution of the plaintiff under such circumstances as would not have induced a reasonable and dispassionate man to have undertaken such prosecution from public motives, then there was no probable cause for said prosecution, and the jury may infer in the absence of sufficient proof to satisfy them to the contrary, that said prosecution was malicious in law, and their verdict may be for the plaintiff. (*Granted.*)

*Plaintiff's Second Prayer.*—The plaintiff prays the Court to instruct the jury that if they find from the evidence that the defendant, at the time of the arrest and prosecution of the plaintiff, if the jury so find, was a member of the firm or partnership of F. Mertens Sons, if the jury so find said partnership and further find that the witness George was employed by the said firm or partnership and that whilst

so employed, and whilst acting within the scope of his employment, if the jury so find, he, the said George, swore out the warrant testified to in this cause, and that by virtue of said warrant the plaintiff was arrested and imprisoned as testified to, and further find that the plaintiff was held for the action of the Grand Jury and subsequently indicted for the offense charged in said warrant, tried and acquitted of said charge, and further find that said arrest and prosecution of the plaintiff was under such circumstances as would not have induced a reasonable and dispassionate man to have believed the plaintiff guilty of the offense charged against him, then their verdict must be for the plaintiff even though they should further find that the said George consulted the State's Attorney for Allegany County with reference to said prosecution and that the State's Attorney advised the swearing out of the warrant aforesaid, unless the jury shall further find from the evidence that the said George laid before said State's Attorney all the material facts within his knowledge, or which by the exercise of reasonable diligence he could have ascertained, and concealed nothing material and that he was thereupon advised by said State's Attorney to swear out said warrant, and that he acted thereunder, believing such advice to be sound. (*Granted.*)

*Plaintiff's Third Prayer.*—The plaintiff prays the Court to instruct the jury that if they shall find a verdict for the plaintiff they are at liberty to take into consideration all the circumstances of the case and award such damages as will not only compensate the plaintiff for the wrong and indignity he has sustained in consequence of the defendant's wrongful acts, but may also award exemplary or punitive damages as a punishment to the defendant for such wrongful acts. (*Granted.*)

*Defendant's First Prayer.*—The defendant prays the Court to instruct the jury that there is no evidence in this case legally sufficient to show that in swearing out the warrant, mentioned in the evidence, John W. George was acting within the scope of his employment by F. Mertens Sons. (*Rejected.*)

• *Defendant's Second Prayer.*—The defendant prays the Court to instruct the jury that if they shall find that the warrant for the arrest of the plaintiff, mentioned in the evidence, was sworn out by the witness, John W. George, and that before swearing out the said warrant the said George consulted David A. Robb, who was at that time the State's Attorney for Allegany County, if the jury shall so find, and made a full and frank disclosure to the said Robb of all facts known to him, in reference to the matter, and that the said Robb then and there advised the said George to swear out the said warrant, and that the said George in good faith and in the honest belief that the accusation was well founded, swore out the said warrant, the plaintiff is not entitled to recover, even though they should further find that the defendant also directed the said George to swear out the said warrant.   (*Rejected.*)

*Defendant's Third Prayer.*—The defendant prays the Court to instruct the jury that if they shall find that the warrant for the arrest of the plaintiff, mentioned in the evidence, was sworn out by the witness, John W. George, and that before swearing out the said warrant the said George consulted David A. Robb, who was at that time the State's Attorney for Allegany County, if the jury shall so find, and made a full and frank disclosure to the said Robb of all facts known to him, in reference to the matter or which by the exercise of reasonable diligence he could have ascertained and concealed nothing material, and that the said Robb then and there advised the said George to swear out the said warrant and that the said George in good faith and in the honest belief that the accusation was well founded, swore out the said warrant upon the advice of said State's Attor-

ney, the plaintiff is not entitled to recover, even though they should further find that the defendant also directed the said George to swear out the said warrant, unless the jury should find that the defendant gave the plaintiff permission to take the' scions mentioned in the evidence. (*Granted as modified.*)

*Defendant's Fourth Prayer.*—The defendant prays the Court to instruct the jury that the plaintiff is not entitled to recover, unless the jury shall find either that prior to the swearing out of the warrant, mentioned in the evidence, by the' witness George, if the jury shall find that the said George swore out the said warrant, the defendant directed the said George to swear out the said warrant, or that the said George was at the time of swearing out the said warrant employed by the firm of F. Mertens Sons, of which firm the defendant was a member, if the jury so find, and was in swearing out the said warrant acting within the scope of his employment, and to further instruct the jury that the burden of proving these facts by a preponderance of the evidence, is upon the plaintiff. (*Rejected.*)

*Defendant's Fifth Prayer.*—The jury is instructed that under the pleadings in this case they cannot find a verdict for the plaintiff, unless they shall find from the evidence that the warrant mentioned in the evidence was sworn out by John W. George either by the direction or instruction of the defendant, or as the agent or employee, acting within the scope of his duties as such of the partnership of F. Mertens Sons, of which partnership the defendant was a member, if the jury shall so find, and is further instructed that the burden of proof is upon the plaintiff to establish these facts and that unless the jury shall find either one or the other of them from a preponderance of all the evidence, their verdict must be for the defendant, unless the jury shall find that the defendant gave the plaintiff permission to take the scions mentioned in the evidence and aided or abetted the prosecution of the plaintiff after the said warrant had been issued. (*Granted.*)

*Defendant's Sixth Prayer.*—The defendant prays the Court to instruct the jury that the plaintiff is not entitled to recover, unless the jury shall find that prior to the swearing out of the warrant, mentioned in the evidence, by the witness George, if the jury shall find that the said George swore out the said warrant, the defendant directed the said George to swear out the said warrant, and to further instruct the jury that the burden of proving, by a preponderance of the evidence, that the defendant did so direct the said George is upon the plaintiff.   (*Rejected.*)

*Defendant's Seventh Prayer.*—The jury is instructed that if they shall find from the evidence that the plaintiff was employed by the firm of F. Mertens Sons at their orchard in Allegany county, Maryland, from, on or about the 3rd day of September, 1910, until about the 20th day of December, 1910, and that while in the said employment the plaintiff gathered and packed in two boxes a large number of apple scions cut from trees of F. Mertens Sons, which said scions remained on the premises of the said F. Mertens Sons after the plaintiff left the said employment and until some time during the month of March, 1911, if the jury shall so find, and that then the said scions were removed from the premises of the said F. Mertens Sons and taken to the office of the Adams Express Company at Kiefers by the direction of the plaintiff, and that the plaintiff then and there directed an agent of the said Express Company to ship said scions to some point in the State of Ohio and that shortly thereafter the plaintiff left the State of Maryland, and shall further find that these facts were known to the witness, George, *and that the said George knew of no facts, or by the exercise of reasonable diligence could have ascertained no fact, or facts, reasonably sufficient to lead to a different conclusion,* before he swore out the warrant, mentioned in the evidence, if the jury shall find that the said George swore out the said warrant, then the said George had reasonable ground to believe that the plaintiff was guilty of the accusation of which he was charged in the said warrant and

the plaintiff is not entitled to recover in this case and their verdict must be for the defendant; unless the jury shall further find that the plaintiff was given permission by the said F. Mertens Sons, or by some one authorized by them so to do, to take the scions; and, also, further find that the said George knew of, or by the exercise of reasonable diligence, could have known of this fact, prior to the swearing out of the said warrant; unless the jury should further find that the said George was directed by the defendant to swear out the said warrant, after the defendant had given the plaintiff permission to take the said scions, if the jury shall find that the defendant gave the plaintiff such permission; *or after the defendant gave such permission, if the jury shall so find, aided or abetted the prosecution after the said warrant had been issued. (Granted as modified.)*

*Defendant's Eighth Prayer.*—The defendant prays the Court to instruct the jury that there is no evidence in this case legally sufficient from which they can find that the defendant aided or abetted in the prosecution of the plaintiff after the warrant, mentioned in the evidence, was sworn out.   *(Rejected.)*

The cause was argued before Boyd, C. J., Pearce, Burke, Thomas and Stockbridge, JJ.

*D. Lindley Sloan* and *J. Clarence Lane,* for the appellant.

*T. Brooke Whiting,* for the appellee.

Stockbridge, J., delivered the opinion of the Court.

In the Fall of 1910, Walter E. Mueller was employed by F. Mertens Sons as an arboriculturist in connection with an orchard which they were developing in Allegany county. He discharged the duties of that position from the first of September until about December 20th. As a part of his duties he supervised the setting out of the young trees and the

pruning of them, in which process there were cut from the trees a large number of scions or buds. A sufficient number of these buds to fill, with the packing about them, two soap boxes were placed by Mr. Mueller in or under one of the barns on the premises of the Messrs. Mertens. Whether this was done with or without the consent of the owners of the orchard is uncertain, there being a conflict of the testimony in regard to it, nor is it material to the determination of this case. The relation of employer and employee existing between Mr. Mueller and Mertens Sons was severed in December, Mr. Mueller returning to his home in Wisconsin for the winter. In March, 1911, Mr. Mueller returned to Allegany county, having in the meantime endeavored to organize an orchard company on his own account, and engaged a farmer to take the boxes of scions from where they had been left during the winter, to a railway station, there to be shipped to him at a point in Ohio. He then left the State, expecting the boxes to follow him.

John W. George, a superintendent for F. Mertens Sons, learning of these facts, consulted the State's Attorney for Allegany County, and, acting upon his advice apparently, swore out a warrant for the arrest of Mueller on a charge of larceny. Some week or ten days later Mueller was arrested in Allegany County, taken before a magistrate, committed for the action of the Circuit Court, was indicted, tried and acquitted. The present suit was then brought, not against Mertens Sons, but against John H. Mertens individually, one of the partners of Mertens Sons, for malicious prosecution.

The record contains six bills of exceptions, five of them relating to questions of evidence, and the sixth to the action of the Court upon the prayers offered in the case.

In view of the numerous decisions in this State upon the subject of malicious prosecution, a brief opinion will suffice to dispose of the questions which the record presents.

The first exception reserved was to the action of the trial Court in overruling a question put to the plaintiff himself

in reference to his endeavor to organize, on his own account, an orchard company, the question being, "State what you organized and for what purpose?" The object of this question is not entirely clear. If offered for the purpose of showing special damage, it was manifestly too remote and speculative in its nature to have made it proper evidence; while, on the other hand, it may have been offered and apparently was upon the theory of showing malice on the part of the defendant, inasmuch as it was testified to that the plaintiff had secured options on four tracts of land or farms, and the counsel for the plaintiff made a proffer to follow it up with evidence tending to show "that if these options were surrendered that the prosecution would be dropped." With this proffer made, the Court committed no error in admitting the testimony, and there does not appear to have been any motion afterwards on the part of the defendant to strike it out for the failure to follow it up in accordance with the proffer.

The second exception was abandoned by the counsel of the defendant at the hearing, and therefore need not be considered.

The third exception was to the action of the trial Court in requiring the question to be answered by the witness George: "About how many miles in length is that orchard proposition?" The purpose for which the question was asked was not stated. It might have been for either one of two, and it was equally admissible for each. The evidence which had already been given had tended to show that the railway station to which the scions had been taken for the purpose of being shipped was some distance further away than other stations, where delivery might have been made to the same express company, a fact which might be important as bearing upon the question of the felonious intent of the plaintiff in thus directing the shipment of the buds from a more remote station. The question put to the witness may have been intended to elicit, as it did, the fact that there were a

number of stations adjacent, or nearly so, to the Mertens property, and was a legitimate enquiry as going to the element of probable cause. The question may equally well have had for its object, to place before the jury the relative condition of the parties, and the financial means of the defendant. And if intended for this purpose it was equally admissible. In those cases where the foundation of the right of action is malice, and where punitive as well as compensatory damages are to be asked, the condition and means of the parties is always a proper subject of inquiry. *Wilms v. White,* 26 Md. 380; *Sloan v. Edwards,* 61 Md. 89, 100. No error can be predicated upon the action of the trial Court in admitting this evidence.

The fourth exception was to the overruling of the objection of the defendant to the question asked of the witness George upon cross-examination: "Did the State's Attorney give you any reason for issuing the warrant against Mueller instead of against Malcolm?" who was the teamster that had hauled the boxes to the station. It was undoubtedly error to have permitted this question, but it was error without injury in view of the answer, "He didn't," made by the witness. The reasons of the State's Attorney may have been those of a legal nature; at most, they could only have had a bearing upon his good faith, or correct perception of the rules of the criminal law, and could not have operated to charge with or relieve the defendant, John H. Mertens, from his legal responsibility.

The fifth exception was to requiring the defendant, John H. Mertens, after he had testified that he had left the orchard about the first of February, 1911, to further testify that he had continued to hold an interest as a partner in the business, and the ruling of the Court upon this was error for reasons which will be considered in connection with the second prayer of the plaintiff.

The plaintiff offered three prayers and the defendant eight, and the *Reporter* will insert the plaintiff's second, and

the defendant's first, second, third, fourth, sixth and eighth prayers, the ruling of the Court upon the prayers constituting the sixth exception.

The first prayer of the plaintiff sought to hold the defendant, Mertens, liable if the jury found that he had aided and assisted in procuring the arrest and prosecution of the plaintiff under such circumstances as would not have induced a reasonable and dispassionate man to have undertaken such prosecution from public motives, that being sufficient to raise a legal presumption of malice. This is the rule and test of probable cause as laid down in *Boyd* v. *Cross,* 35 Md. 197, and followed in a large number of cases since, and expressly approved with regard to a prayer almost identical in phraseology in *Torsch* v. *Dell,* 88 Md. 459.

The third prayer of the plaintiff is also the customary damage prayer in cases of this character, taken from the case of *Torsch* v. *Dell, supra.*

By the second prayer of the plaintiff, which was granted, the jury were instructed in effect, that if they found the defendant was a partner in the firm of F. Mertens Sons, and that George was an employee of the firm, and that while acting within the scope of his employment he swore out the warrant under which the plaintiff was arrested and indicted, that the plaintiff was entitled to recover, notwithstanding the fact that in so doing George had acted upon the advice of the State's Attorney of Allegany County. This was to assert, as a proposition of law, that a member of a firm is responsible for the wrongful acts of an agent of the firm which he did not authorize, which he never ratified, and of which he may have had no knowledge, merely because of the fact that he was a member of the firm. It is not necessary to decide whether or not the fact that George acted under the advice of the State's Attorney was a sufficient defense or not to this action; it is sufficient for this case to apprehend clearly the extent and nature of the responsibility of the individual partners for the acts of employees of the

firm.   That was stated with great clearness in the case of
*Bernheimer* v. *Becker,* 102 Md. 250.   The plaintiff in that
case had brought suit against the members of the firm for
false arrest, and the question arose as to the responsibility of
one of the individual members of the firm of Bernheimer
Brothers for an act of an employee of the firm.   The prayer
in this case asks no instruction to hold the defendant respon-
sible for George's act, upon the theory that George was an
agent or employee of John H. Mertens, individually; it does
not require any relation whatever to be established between
John H. Mertens and George, but would impose an indi-
vidual liability for a wrongful act upon the defendant, solely
because he happened to be a member of the firm employing
the person whose alleged wrongful act gave rise to the litiga-
tion; it does not require the jury to find any express ante-
cedent authority given by the firm, or any member of it, to
George, nor even to find any ratification of it by the firm
after the act had been done.   In the *Bernheimer* case a prayer
was held bad because it mentioned no fact tending to prove
that the defendant firm had conferred *express* authority on
its employee to make the arrest there in question, and it was
said that an agent can have no such implied authority; that
a partner has no implied power to bind his co-partners in
such transactions as those which form the basis of the present
suit; and then, quoting from the case of *Kirk* v. *Garrett,* 84
Md. 401, "One of several partners can not drag the firm or
his co-partners into a trespass by giving authority for the
doing of an unlawful act in the name of the firm of which
he is a member; for one partner has no power to bind the
partnership to the commission of a wrongful act without the
previous consent or subsequent concurrence of all of the part-
ners."   In a suit for malicious prosecution the gravamen
of the action is malice, and malice must be and is always an
individual, not a firm act, unless all of the partners are con-
cerned; the plaintiff's second prayer was, therefore, erro-
neous in the theory of the law which it presents and should

have been rejected, and its granting was reversible error. What has been said in this connection is in like manner applicable to the ruling on the fifth exception.

By the defendant's first and eighth prayers it was sought to take the case from the jury. To hold an individual liable for malicious prosecution it is not necessary that he shall have himself sworn out the warrant; all that is required is that he voluntarily aids or abets in the prosecution. *Gittinger* v. *McRae,* 89 Md. 513. If, therefore, there was any evidence tending to show that the swearing out of the warrant was directed or authorized by John H. Mertens, or that he voluntarily aided or assisted in the prosecution, a case was made out for submission to the jury. The defendant appeared both before the magistrate and in Court at the trial of the case; but the uncontradicted testimony is to the effect that Mr. Mertens was summoned by the State's Attorney as a witness. This is not the voluntary aiding and abetting which the law contemplates. On his direct examination the plaintiff gave evidence that at the trial before the Circuit Court for Allegany County, John H. Mertens testified that he "told John George to swear out the warrant for my arrest," and the witness was corroborated in this statement by his attorney, Mr. Wilson, who in the course of his examination in this case, referring to the trial of the plaintiff for larceny, stated that Mr. Mertens "testified that he had instructed John George to issue this warrant for the arrest of Mr. Mueller." This testimony was contradicted by a number of witnesses called by the defendant; nevertheless it was some evidence tending to show that in swearing out the warrant George was acting, not in the capacity of an agent for F. Mertens Sons, but directly as the agent of John H. Mertens, and it would, therefore, have been improper to have removed the case from the consideration of the jury by granting these prayers.

The second prayer of the defendant was sufficiently covered by the defendant's third prayer, as modified by the

Court, and its refusal under the circumstances did not operate to the injury of the defendant.

For the reasons stated in passing upon the plaintiff's second prayer, the rejection of the defendant's fourth prayer was proper.

The sixth prayer of the defendant·should have been granted. Objection can not be made to it because of its omission to require the jury to find that there had been no subsequent ratification upon the part of the defendant of the act of George in causing the arrest of the plaintiff. As already pointed out, the only evidence from which such ratification could be inferred was the presence of the defendant both at the hearing before the magistrate and at the trial in Court, and the fact that he had testified. But this attendance having been in obedience to a summons, could not be construed as a ratification upon his part of the illegal act of another. Nor was it in any manner material to this prayer that no reference was embodied in it to an alleged permission to the plaintiff from the defendant to take and remove the scions for his own use. This prayer dealt only with the question of the agency of George for the defendant, by asking an instruction to the effect that to entitle the plaintiff to recover they must find by a preponderance of evidence that George was the agent of John H. Mertens, individually, not of F. Mertens Sons, and authorized by the defendant to swear out the warrant upon which the plaintiff was arrested.

For the reasons indicated, the judgment below must be reversed, and the case remanded for a new trial.

> *Judgment reversed and cause remanded; the appellee to pay the costs of this appeal, the costs below to await the final determination of the case.*