### JOSEPH FUSARIO vs. ANGELO CAVALLARO.

Third Judicial District, Bridgeport, April Term, 1928.

MALTBIE, HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 11th—decided June 18th, 1928.

*Walter J. Walsh,* for the appellant (defendant).

*Bernard L. Godfrey,* with whom, on the brief, was *Carl A. Mears,* for the appellee (plaintiff).

Hinman, J.   The plaintiff and the defendant were occupants of adjoining buildings, separated by a narrow alley-way.   While the defendant was shoveling snow from this alley-way he was assaulted by one Frank Fusario, a brother of the plaintiff.   The plaintiff was not present at the time, and the defendant, shortly afterward, stated to a policeman that it was not the plaintiff but his brother Frank who had committed the assault.   Later, however, as a result of statements made to the police by one Mrs. DeFelice, the plaintiff was arrested on a charge of breach of the peace, to which a charge of assault with intent to disfigure was added subsequently, and after several continuances of the case, was tried in the City Court of

New Haven, and acquitted. The defendant was present in court during the several continuances and at the trial falsely testified that the plaintiff held him while Frank Fusario bit off his, the defendant's, nose. On the same date on which the case first came up in the City Court the defendant caused a civil suit to be instituted against the plaintiff and his brother, Frank, for assault and battery arising out of the same facts, and on the trial of this action in the Superior Court he testified substantially as he had in the criminal case. In the civil action judgment was rendered in favor of Joseph Fusario, the plaintiff, and against his brother.

The three essential elements of an action for malicious prosecution: the discharge of the plaintiff, want of probable cause, and malice, are unmistakably present upon the facts found. *McGann* v. *Allen*, 105 Conn. 177, 185, 134 Atl. 810; *Thompson* v. *Beacon Valley Rubber Co.*, 56 Conn. 493, 499, 16 Atl. 554. The general inquiry presented by the appeal is whether the defendant's connection with and conduct pertaining to the prosecution were such as to render him liable.

The defendant claimed, upon the trial, that, since he did not prefer the charge against the plaintiff or cause or bring about the prosecution, he could not be held liable. This contention is disposed of by our recent holding that not only one who actually procures or causes such a prosecution but all who knowingly aid, abet, assist in or adopt the same are liable, as joint tort-feasors, for the damage done. *McGann* v. *Allen*, *supra*, p. 185. The appellant now makes the further claim that the complaint charged the defendant as an original instigator only and that he cannot be held liable, thereunder, as an aider and abettor. "The defendant, after contesting the case upon its merits, without objection or protest, cannot now maintain that there are material variances between allegations and

proof." *Jordan* v. *Apter,* 93 Conn. 302, 304, 105 Atl. 620.

The further contention of the appellant is that the acts and conduct of the defendant, as revealed by the finding, are insufficient to support the trial court's conclusions that he knowingly aided, abetted and assisted in the prosecution of false charges against the defendant, and adopted them as his own. The finding indicates that the defendant's presence in the City Court as a witness was under subpœna, so that, technically, his appearance may be said not to have been voluntary. It is found, however, that he knew that the plaintiff did not participate in the assault, nor was he present at the time. Therefore his testimony to the contrary was voluntarily false. His prompt utilization of the charge embraced in the criminal prosecution as the basis for a civil action was likewise voluntary.

The proposition chiefly relied on is that the giving of false testimony in the criminal case does not constitute an aiding and abetting in causing or procuring the prosecution; but liability is not confined to so narrow a ground. If, after proceedings have been commenced, parties voluntarily conspire and maliciously join in the prosecution without probable cause they may be held liable. *Russell* v. *Chamberlain,* 12 Idaho, 299, 85 Pac. 926; 9 Amer. & Eng. Anno. Cas. 1173, and note; *Dreux* v. *Domec,* 18 Cal. 83; *Mertens* v. *Mueller,* 119 Md. 525, 87 Atl. 501; *Johnson* v. *Miller,* 63 Iowa, 529, 535, 17 N. W. 34; *Grimes* v. *Greenblatt,* 47 Colo. 495, 107 Pac. 1111, 19 Amer. & Eng. Anno. Cas. 608; 38 Corpus Juris, p. 396. Voluntary and active "countenance and approbation" of the maintenance of a malicious prosecution involves liability. *Stansbury* v. *Fogle,* 37 Md. 369, 384.

This case is not within the scope or reason of the general rule that an action will not lie in favor of a

party, against whom a judgment is rendered in a case, against one who gave false testimony on the trial. 38 Cyc. 515, and cases cited in note 59. In *McClarty* v. *Bickel*, 155 Ky. 254, 159 S. W. 783, 50 L. R. A. (N. S.) 392, the case principally relied upon by the appellant, it was held that a civil suit for malicious prosecution will not lie for the giving of false testimony to aid in securing the conviction of the accused, on the ground that it must appear that the party sought to be charged was the proximate cause of putting the law in motion, and there is no analogy between the making of false statements causing a party to be arrested, and false testimony in court against a party already arrested and on trial. This appears to ignore the element of subsequent adoption or ratification which characterizes the general rule. However, liability in the present case is not dependent upon the element of perjured testimony alone. Combined with and characterizing this is the course of conduct of the defendant in seizing upon the criminal charge against the plaintiff, which he, above all others, knew to be groundless, as the basis of a civil suit  The trial court was justified in its finding that the defendant so aided, abetted and adopted the prosecution as to render him liable.

There is no error.

In this opinion the other judges concurred.