NICHOLAS RIZZA *v.* ALFRED GILL

CIRCUIT COURT                    SEVENTH CIRCUIT
                              FILE NO. CV 7-6111-1382

Memorandum filed February 19, 1963

*John Papandrea,* of Meriden, and *Lehrer & Lubinsky,* of West Hartford, for the plaintiff.

*T. Holmes Bracken,* of New Haven, for the defendant.

KOSICKI, J. The plaintiff sued the defendant for malicious prosecution, alleging that the defendant with malice and without probable cause instigated the arrest and prosecution of the plaintiff, thereby injuring his reputation and causing him great loss and damage. On April 13, 1961, the plaintiff was arrested by the Meriden police on a warrant charging him with the crime of concealing property sold under a conditional bill of sale or chattel mortgage, in violation of § 53-129. On June 2, 1961, after a trial to the court, he was found not guilty. The following facts are found.

Late in 1957, the defendant sold to the plaintiff a 1958 model Harley-Davidson motorcycle, receiving as part payment a 1956 model motorcycle owned by the plaintiff and valued at $490. The purchase price was not determined at the time of the sale, and the balance due was not ascertained. On March 20, 1959, the plaintiff signed what purported to be a conditional sale contract for the motorcycle purchased, which was later filled in by the defendant, stating a purchase price which included an antecedent debt claimed by the defendant to have been owed him by the plaintiff. The plaintiff did not receive a copy of the alleged contract and had no knowledge of its contents until he obtained a copy from the town clerk of Meriden on April 28, 1961, after his arrest. After March 20, 1959, the plaintiff made a number of payments of $43.08 each, being the monthly payments stated in the claimed contract, until a total of $386 was paid. A dispute then arose as to the balance due, and the plaintiff insisted that he owed no more than $104, this being

the difference between the purchase price and the amount already paid plus the trade-in allowance. The defendant demanded $513 more, that being the amount of the claimed antecedent debt. As a consequence of this dispute, the plaintiff consulted William F. Geenty, an attorney. He testified at the trial of this case. He advised the plaintiff to retain possession of the motorcycle unless it was properly replevied, and to inform the defendant of this decision and also to disclose the location of the motorcycle. Two weeks before the arrest, the defendant went to the plaintiff's home and demanded what he asserted to be the balance on the contract price or possession of the motorcycle. The plaintiff told him the motorcycle was in a garage on the property he occupied and, because of the serious dispute as to the balance, the defendant could get possession only by a writ of replevin. The defendant refused to look into the garage.

Before April, 1961, the defendant requested Albert Lynes, a city sheriff of Meriden, to repossess the motorcycle from the plaintiff. Lynes called at the plaintiff's house without any writ or process and, upon his demand for the motorcycle, was told by the plaintiff that he could get it only under a writ of replevin. Lynes was shown and saw the motorcycle in the plaintiff's garage, which was accessible through a side door that was unlocked. All of these facts he reported to the defendant.

The defendant did not seek the advice or assistance of counsel. He made a complaint to the Middletown police department that the plaintiff was unlawfully concealing from him a motorcycle which had been sold under a conditional bill of sale. In the course of a preliminary investigation, Geenty informed a detective of the Middletown police department that there was no concealment, told him

where the motorcycle was and repeated the advice he had given the plaintiff not to surrender possession unless it was demanded under a valid process. The defendant then called on Irwin D. Mittelman, prosecutor of the Circuit Court for the ninth circuit, who then telephoned, concerning the complaint, to Joseph F. Noonan, prosecutor in the seventh circuit, which embraced Meriden. The defendant thereafter filed his complaint with the Meriden police. At no time did he tell the police or the prosecutor that the motorcycle was in the plaintiff's garage in Meriden. The warrant for the plaintiff's arrest was issued and the subsequent prosecution pursued on the basis of the information supplied by the defendant.

In order to recover in this action, the plaintiff must establish by a fair preponderance of evidence that (1) he was discharged or acquitted of the charge brought against him; (2) there was no probable cause for the prosecution initiated by the defendant; and (3) the action of the defendant was malicious. *McMahon* v. *Florio,* 147 Conn. 704, 706; *Zenik* v. *O'Brien,* 137 Conn. 592, 595; *See* v. *Gosselin,* 133 Conn. 158, 159; *Fusario* v. *Cavallaro,* 108 Conn. 40, 42; *McGann* v. *Allen,* 105 Conn. 177, 185. The court found the plaintiff not guilty of the criminal charge and, in its memorandum of decision, stated that there had been no valid conditional sale and no concealment of the property allegedly the subject of the contract. The acquittal of the plaintiff establishes one of the three elements essential to his present case.

The determination, in the criminal case, of the facts respecting the contract and the concealment are not conclusive in this action with regard to the second element to be proved by the plaintiff, that is, absence of probable cause. See *McKenna* v. *Whip-*

*ple,* 97 Conn. 695, 700. In the consideration of the proof of lack of probable cause, we have examined the transcript of testimony in the criminal case as well as the evidence offered in this case. *Goodrich* v. *Warner,* 21 Conn. 432, 440. Whether the defendant was aware of the invalidity of the supposed contract of conditional sale is not a serious issue in this suit. Lacking legal counsel and relying on his imperfect understanding of the law, the defendant may have entertained an honest belief in the soundness and lawful worth of what he considered to be a conditional sale contract. Such belief as he may have had, however, does not afford him any excuse or defense in pursuing a persistent course of conduct deliberately to instigate a criminal prosecution against the plaintiff, despite the promptings and warnings that such a prosecution was groundless. He cannot shield himself behind the doctrine that the responsibility for the prosecution rested with the police and the prosecutor because of their presumed independent investigation. There was no full and fair disclosure, to the police or the prosecutor, of the essential fact concerning the known location of the property in question, which, if disclosed, would have curtailed the prosecution. See *Fusario* v. *Cavallaro,* 108 Conn. 40, 42; *Brodrib* v. *Doberstein,* 107 Conn. 294, 297; *Ryan* v. *Orient Ins. Co.,* 96 Vt. 291; *Christy* v. *Rice,* 152 Mich. 563. There was no probable cause for the prosecution of the plaintiff, and the prosecution was initiated and pressed by the defendant.

There was no concealment by the plaintiff within the meaning of the statute. Resistance to the demands of the defendant to surrender possession, except on compulsion of lawful process, is not concealment. The defendant had an adequate remedy to test his right to the motorcycle or to the disputed balance due but refused to avail himself of it. In-

stead, without probable cause, he resorted to the improper instigation of a criminal process in order to collect his bills.

Malice is implied from want of probable cause. There is no express malice here because there is lacking the malevolence, animosity, malignity or ill will toward the plaintiff which would need to be established in order to support punitive damages. *Zitkov* v. *Zaleski,* 102 Conn. 439, 444-447. The plaintiff claims treble damages under the provisions of § 52-568. That statute relates only to cases of vexatious suit and has no application in this case. The damages recoverable are measured by the cost to the plaintiff in defending the criminal action and compensation for loss of time, inconvenience, annoyance, humiliation, ignominy, loss of reputation, and effect on his occupation and means of earning his living. *Doroszka* v. *Lavine,* 111 Conn. 575, 577; *McCann* v. *Allen,* 105 Conn. 177, 184.

The plaintiff was obliged to incur an expense of $150 for counsel fees in defending the criminal action which is the subject of this suit; and he paid $50 as a premium on an appearance bond. In addition, he lost time and business in connection with the prosecution and suffered humiliation in the publicizing of the prosecution against him.

Judgment may enter for the plaintiff in the amount of $400.