[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS FOR SUMMARY JUDGMENT ##123, 129, 136
In 1985, plaintiff Midstate Electronic Company ("Midstate") and defendant Nova Electronics, Inc. ("Nova") entered into an agreement to form the corporation Midstate Electronic Distributors, Inc. ("Midstate Distributors"), also a named plaintiff in this action. At all times relevant to this litigation, it is claimed that the defendant Elizabeth Corthell was sole shareholder and director of Nova. On May 12 1989, Nova initiated a lawsuit alleging that Midstate, Midstate Distributors and Mark Fortier, president of Midstate and Midstate Distributors, were guilty of fraudulent misrepresentation, conversion, breach of contract, breach of fiduciary duty, unjust enrichment, and violations of the Connecticut Uniform Securities Act and CUTPA in regards to the formation and operation of Midstate Distributors. Nova obtained an ex parte attachment, based on an affidavit by Corthell ("PJR affidavit"), on personally held real property owned by Fortier. Fortier did not challenge the probable cause hearing on the prejudgment attachment or appeal it pursuant to General Statutes52-278e(c).
At trial, the court directed a verdict for Fortier, Midstate, and Midstate Distributors; judgment was affirmed per curiam on appeal on June 25, 1991. Nova v. Fortier, 25 Conn. App. 807.
On January 19, 1993, the plaintiffs Midstate, Midstate CT Page 9789 Distributors, and Fortier filed a ten count, third amended complaint against Nova, Corthell, and Richard W. Tomc, Esq., the attorney who represented Nova in the previous litigation, alleging against each defendant vexatious litigation in violation of General Statutes 52-568 (Counts 1-3), common law vexatious litigation (Counts 4-6), and intentional and wanton disregard of the plaintiffs' legal rights (Counts 7-9). The plaintiffs' third amended complaint also contains allegations against defendants Nova and Corthell for breach of contract (Count 10). The vexatious litigation and intentional disregard of rights counts arise out of said previous litigation initiated by Nova. The plaintiffs allege that the defendants' claims in the previous litigation were without probable cause or factual basis and that Corthell's PJR affidavit prepared by defendant Tomc was without probable cause or factual basis. The breach of contract count arises out of Midstate Distributors' incorporation agreement between Midstate and Nova, to which there was prior reference.
On April 29, 1993, defendants Nova and Corthell moved for summary judgment, #123, as to counts 1, 2, 4, 5, 7, and 8 of the plaintiffs' amended complaint. The grounds for summary judgment are (1) as a matter of law a claim of vexatious litigation may not arise from a prior action in which a prejudgment remedy (PJR) was obtained; (2) the plaintiffs are barred by the doctrines of collateral estoppel and res judicata from claiming lack of probable cause in the vexatious litigation case, and have waived their right to challenge the finding of probable cause by failing to challenge the PJR; and (3) a claim of vexatious litigation cannot be brought against Corthell because she was not a named party to the original action.
On May 13, 1993, defendant Tomc also moved for summary judgment, #129, as to all counts against him (Counts 3, 6 and 9) on the similar ground that the plaintiffs' vexatious litigation action is barred by the doctrine of res judicata, and on the ground that defendant Tomc had relied on the representations of his clients, Corthell and Nova, in initiating the previous litigation.
On July 12, 1993, defendants Nova and Corthell also moved for summary judgment, #136, as to count 10 on the ground that the plaintiffs' claim for breach of contract is barred by the statute of limitations.
On June 28, 1993, defendants Nova and Corthell filed answers denying the material allegations of the plaintiffs' complaint and CT Page 9790 special defenses alleging collateral estoppel, waiver, and that the claims against Corthell are barred because she was not a party to the previous litigation. On July 13, 1993, defendant Tomc filed an answer denying the material allegations of the plaintiffs' third amended complaint and also filed special defenses alleging collateral estoppel, waiver, and asserting that Tomc was an agent for Corthell and Nova. On July 19, 1993 the plaintiffs denied all of the defendants' special defenses.
 Practice Book 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.
Connell v. Colwell, 214 Conn. 242, 246-47.
"To establish [a] cause of action [for vexatious litigation], it is necessary to prove want of probable cause, malice and termination of suit in the plaintiff's favor." DeLaurentis v. New Haven, 220 Conn. 225, 248. Because the previous litigation terminated in the plaintiffs' favor, the only disputed issues on said motion as to the vexatious litigation claims are whether the defendants initiated the previous litigation without probable cause and with malice.
A. Defendants Corthell's and Nova's Motion for Summary Judgment, #123.
Both Corthell and Nova argue that there is no genuine issue of material fact and they are entitled to judgment as a matter of law CT Page 9791 because the finding of probable cause in the prejudgment attachment hearing insulates them from an action for vexatious litigation. The plaintiffs contend that the defendants did not have actual knowledge of the facts alleged in both the PJR affidavit and the complaint from the previous litigation.
For the purposes of a vexatious litigation claim, "[p]robable cause is the knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting the defendant in the manner complained of"; "Thus, in the context of a vexatious suit action, the defendant lacks probable cause if he lacks a reasonable, good faith belief in the facts alleged and the validity of the claim asserted." DeLaurentis v. New Haven, supra, p. 256. "Malice may be inferred from lack of probable cause." Vandersluis v. Weil, 176 Conn. 353,356. The existence of probable cause is always a complete bar to an action for vexatious litigation and the question of what facts, and whether particular facts, constitute probable cause is always one of law. Id., p. 356. In an action for vexatious litigation, the determination of probable cause is based on the determination of the facts that were known or should have been known to the defendant prior to the initiation of the allegedly vexatious litigation. Id., p. 357.
With respect to the finding of probable cause for a PJR, "[t]he language of our prejudgment remedy statutes; General Statutes 52-278a et seq.; requires that the court determine `whether or not there is probable cause to sustain the validity of the plaintiff's claim'; General Statutes 52-278d(a); . . . [t]he court's role . . . is to determine probable success by weighing probabilities." General Statutes 52-278c(a)(2). New England Land Co., Ltd. v. Demarkey, 213 Conn. 612, 620. The court, in ruling on a motion for a prejudgment remedy, "must evaluate the arguments and evidence produced by both parties to determine whether there is probable cause to sustain the validity of the . . . claim." Haxhi v. Moss, 25 Conn. App. 16, 18.
The decision to grant or deny a PJR is based on the evidence produced by the parties before the court; on that basis the court determines whether the parties have provided sufficient evidence to establish that there is probable cause to sustain the validity of the claim. However, the determination of probable cause in an action for vexatious litigation examines the defendant's actual knowledge and reasonable, good faith belief in the facts alleged as a basis for the previous litigation and reasonable, good faith CT Page 9792 belief in the validity of the claim asserted. DeLaurentis v. New Haven, supra, p. 256; Vandersluis v. Weil, supra, p. 357.
The plaintiffs have submitted, as exhibits in opposition to the motion for summary judgment, the PJR affidavit, complaint, and transcripts from the previous litigation. In the PJR affidavit Corthell stated that the plaintiffs owed Nova $80,500. Plaintiffs have submitted a copy of the transcript from trial in which Corthell admitted that she had never looked at Nova's balance sheet before making the accusation. Corthell also stated in the PJR affidavit that Fortier had excluded her from the management of Midstate Distributors. Plaintiffs have submitted transcripts of her testimony wherein she admitted having been notified by Fortier of her appointment as an officer of Midstate Distributors. In paragraph lid of the complaint in the previous litigation and paragraph 13 of the PJR affidavit, Corthell alleged mismanagement of Midstate Distributors, and that Fortier had commingled and transferred corporate assets between Midstate Distributors and Midstate. Plaintiffs have submitted a copy of a deposition of Corthell wherein she admitted she had no factual basis for these allegations. In paragraph 10 of the PJR affidavit and 12a of the complaint, Corthell stated that Fortier and Midstate Distributors had never issued Nova stock or notes in Midstate Distributors, as required by the incorporation agreement. Plaintiffs have submitted transcripts of Corthell's testimony wherein she admitted that stock certificates and notes were prepared by Midstate Distributors; and her deposition testimony wherein she indicated that Nova was responsible for the lack of issuance.
The element of malice raises questions of improper or unjustifiable motive. Haxhi v. Moss, supra, p. 19.
"`[S]ummary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with the questions of motive, intent and subjective feelings and reactions.' United Oil Co. v. Urban Redevelopment Commission, [supra, 376]." Connell v. Colwell, 214 Conn. 242, 251. Therefore, in the absence of any question of law that requires judgment for the defendant, the plaintiffs have supplied enough evidence to show that a genuine issue of material fact exists as to Corthell's factual basis and motives for initiating the previous lawsuit.
The granting of a prejudgment attachment in the previous litigation is not an absolute bar to an action for vexatious litigation arising out of the previous litigation, because an issue CT Page 9793 of fact exists as to the defendant's actual knowledge and reasonable, good belief in the facts relied on as a basis for the previous litigation and in the validity of the claim asserted. Therefore, Corthell's and Nova's motion for summary judgment on the first ground is denied.
The defendants Corthell and Nova move for summary judgment on the related grounds that the plaintiffs' claims of vexatious litigation are barred by res judicata, and that the plaintiffs are collaterally estopped from raising the issue of lack of probable cause.
Neither the principles of res judicata nor collateral estoppel prevent plaintiffs from litigating the claims raised in the present complaint. Collateral estoppel "operates to bar only matters actually litigated in the prior action." Scalzo v. Danbury,224 Conn. 124, 127-129. Res judicata "prevents the pursuit of `any claims relating to the cause of action which were actually made or might have been made;'" it prevents "a litigant from reasserting a claim that has already been decided on the merits. . . ." Scalzo v. Danbury, supra. The issue of whether the defendant had probable cause for the prosecution of an action is different from the determination of whether the court had probable cause to grant an ex parte prejudgment attachment. The former requires an objective determination by the trier of fact of the actual motive and knowledge of the defendant; Vandersluis v. Weil, supra; whereas the latter determination is not a full scale trial on the merits, but requires the court to consider the probable validity of the party's claim by weighing the probabilities. New England Land Co., Ltd. v. DeMarkey, supra, 620; Michael Papa Associates v. Julian,178 Conn. 446, 447. The claims and issues raised in the present litigation were not determined in the prior litigation; therefore, the defendants' motion for summary judgment on the grounds of res judicata and collateral estoppel is denied.
The defendants also argue that the plaintiffs have waived their right to prove the nonexistence of probable cause in the vexatious litigation claim by failing to appeal from or seek an order modifying or vacating the ex parte prejudgment attachment pursuant to General Statutes 52-287e(c). The defendant has cited no cases in support of this ground for summary judgment.
There is no requirement that a party first contest a prejudgment attachment in order to bring a claim of vexatious litigation arising out of previous litigation in which such CT Page 9794 prejudgment attachment was granted.
"Waiver is the intentional relinquishment of a known right." Hanover Ins. Co. v. Fireman's Fund Ins. Co., 217 Conn. 340, 351. A party may properly elect not to contest a PJR but instead choose to contest the issues at a full trial. Such a strategy does not constitute a waiver of a claim of vexatious litigation in the event that party prevails at said trial.
Restatement (Second) of Torts (1977), 674, comment k, lends support to the proposition that a party may bring an action for vexatious litigation, even though an initial attachment was not opposed.
 The fact that upon motion the property attached may be released . . ., does not require the person whose property is attached to take these steps in order that he may maintain an action for the wrongful initiation of the attachment proceedings. He may without so doing maintain an action for the interference with his possessory interests by proving that the attachment was procured without reasonable cause and for an improper purpose.
Restatement (Second) of Torts (1977), 674, comment k.
Therefore, defendants Corthell's and Nova's motion for summary judgment on the ground of waiver is denied.
Defendant Corthell also moves for summary judgment on three additional grounds. She argues that she cannot be named as a defendant in the vexatious litigation action because, as she notes in her affidavit in support of summary judgment, although she signed the PJR affidavit, only Nova was named as the party plaintiff in the previous litigation. Also, she argues that she is immune from liability under the corporate veil doctrine. Therefore, she argues that as a matter of law no genuine issue of material fact exists as to the plaintiffs' vexatious litigation claims against her individually.
The basis of liability for a claim of vexatious litigation is in tort; the alleged impropriety that provides a basis for the tort liability arises out of the defendant's malicious motives in CT Page 9795 initiating the previous litigation. Blake v. Levy, 191 Conn. 257,263. A "vexatious suit action brought under General Statutes52-568 is governed by the same principles as apply in a malicious prosecution action; . . . [the principles governing malicious prosecution actions apply] equally to a vexatious suit action under common law rather than statute." DeLaurentis v. New Haven, supra, p. 238 n. 3.
The longstanding rule in malicious prosecution actions is that "not only one who actually procures or causes such a prosecution but all who knowingly aid, abet, assist in or adopt the same are liable, as joint tortfeasors, for the damage done." Fusario v. Cavallaro, 108 Conn. 40, 42. This common law rule is mirrored in the language of General Statutes 52-568, which provides a cause of action for vexatious litigation against "[a]ny person who commences and prosecutes any civil action or complaint against another, in his own name, or the name of others . . ." (Emphasis added; Restatement (Second) of Torts (1977), 674, comment a ("The person who initiates civil proceedings is the person who sets the machinery of the law in motion, whether he acts in his own name or in that of a third person, or whether the proceedings are brought to enforce a claim of his own or that of a third person."). General Statutes 52-568 uses the term "person," as opposed to "party." The plain language of the statute, as well as the common law, does not require the defendant to be named as a plaintiff in the original action; therefore, defendant Corthell's motion for summary judgment on this ground is denied.
Corthell also claims that the corporate veil doctrine protects her from liability. "Connecticut case law is that an agent or officer of a corporation who commits or participates in the commission of a tort, whether or not he acts on the behalf of his principal or the corporation, is liable to persons injured by his conduct. Scribner v. O'Brien, Inc., 169 Conn. 389, 404; DeSantis v. Piccadilly Land Corporation, 3 Conn. App. 310, 316. Because the basis of liability in a vexatious litigation action is in tort; Blake v. Levy, supra, 262; a director of a corporation cannot escape liability for vexatious litigation by commencing and prosecuting an action in the name of the corporation. Cf. Scribner v. O'Brien, Inc., supra, 404.
Plaintiffs have attached to their memorandum in opposition to summary judgment, Corthell's PJR affidavit and the verified complaint from the previous litigation for which she supplied the facts. Corthell's PJR affidavit also states that she is the sole CT Page 9796 director and shareholder of Nova. A genuine issue of material fact exists as to whether Corthell initiated the previous litigation and, therefore, the defendant Corthell's motion for summary judgment on the ground of the corporate veil doctrine is denied.
B. Defendant Tomc's Motion for Summary judgment, #123, as to Counts 3, 6, and 9.
Defendant Tomc's first two grounds for summary judgment present the same arguments raised by Corthell and Nova, namely that the finding of probable cause insulates Tomc from liability and that the plaintiffs' claim are barred by the doctrine of res judicata. Therefore, no further analysis is required as to these two grounds.
Tomc, however, also argues in his supplemental memorandum in support of summary judgment that the plaintiffs have failed to present any evidence that Tomc knew or should have known that the facts stated by Corthell in support of the PJR affidavit and complaint were untrue. The plaintiffs' exhibits submitted in opposition to summary judgment relate to the knowledge of Corthell. Tomc has submitted an affidavit in support of summary judgment indicating that at no time during or prior to the initiation of the previous litigation did he have knowledge or reason to know that the facts disclosed to him by Corthell were false.
In Vandersluis v. Weil, supra, 354, the plaintiff brought a claim of vexatious litigation against both the defendant and the defendant's attorney. The jury returned a verdict against the defendant, but in favor of the defendant's attorney. Id., 361. The Supreme Court upheld the verdict, stating that "the jury could have found that counsel did have probable cause to draft a complaint on the facts given to him by the defendant and further that counsel's reliance on his client was justified." Id.
Plaintiffs have provided in their memorandum only a statement that Tomc had no probable cause. Plaintiffs have not provided any evidence indicating that Tomc was not justified in relying on the facts given to him by the other defendants, or that he had no probable cause to draft the complaint or the PJR affidavit. "A party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Practice Book 380, 381." Connell v. Colwell, 214 Conn. 242,246. "[T]he evidence thus presented, if otherwise sufficient, is CT Page 9797 not rebutted by the bald statement that an issue of fact does not exist." Burns v. Hartford Hospital, 192 Conn. 451, 455. Therefore, Tomc's motion for summary judgment, #129, is granted on the ground that there is no genuine issue of material fact as to the issue of probable cause.
C. Defendants Corthell's and Nova's Motion For Summary Judgment, #136, as to Count 10.
Defendants Nova and Corthell argue that there is no genuine issue of fact because the plaintiffs' breach of contract action is barred by the statute of limitations. These defendants did not specially plead the statute of limitations defense. "A claim that an action is barred by the lapse of a statute of limitations must be pleaded by a special defense." Forbes v. Ballaro, 31 Conn. App. 235,239; Mac's Car City, Inc. v. DeNigris, 18 Conn. App. 525,528; Practice Book 164. "In deciding a motion for summary judgment the trial court is limited to considering the pleadings, affidavits, and other documentary proof submitted by the parties. Practice Book 384." Orticelli v. Powers, 197 Conn. 9, 15.
Defendants Nova's and Corthell's motion for summary judgment, is denied on the ground that the defendant failed to specially plead the statute of limitations as a special defense.
Accordingly, defendants Corthell's and Nova's motion for summary judgment, #123, is denied; and defendant Tomc's motion for summary judgment, #129, is granted; and defendants Corthell's and Nova's motion for summary judgment, #136, is denied.
Ronald J. Fracasse, Judge