[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR JUDGMENT AND MOTION TO STRIKE
Facts:
CT Page 681
On June 23, 1994, the plaintiff, William Bieluch, filed a five-count amended complaint against the defendant, Ana Dobensky, seeking damages for injuries arising from the allegedly false testimony delivered by Dobensky in a divorce action between the plaintiff and Patricia Cook. According to the plaintiff's complaint, Dobensky testified as an expert witness in the plaintiff's divorce action and allegedly made false and misleading representations to the court regarding her credentials as an examiner of questioned documents and represented to the court that the signature on a quit claim deed was a traced forgery when she knew that it was genuine. As a result of the alleged false representations of the defendant, the plaintiff claims that a validly executed quit claim deed was declared a forgery and the plaintiff was deprived of a property right. . . .
Discussion:
. . . According to Dobensky, the plaintiff's claims are all based on the alleged false and misleading testimony given by the defendant in the plaintiff's divorce proceedings. Dobensky argues that testimony given at a legal proceeding concerning the subject matter of the proceeding is absolutely privileged and that no cause of action may be based on such privileged testimony. Furthermore, even beyond the bar of absolute privilege, Dobensky claims that the second amended complaint fails to cure the defective nature of the previously stricken complaint and, therefore, does not set forth a legally recognizable cause of action in any of the five counts. Accordingly, Dobensky argues that the second amended complaint should be stricken in its entirety.
The plaintiff argues that the court, in striking the prior complaint, did not reach the issue of absolute immunity and did not cite that proposition as the basis for striking the five counts of the amended complaint. Furthermore, the plaintiff argues that because the present case involves conduct by the defendant outside the testimony given in court, the doctrine of absolute immunity does not apply. Finally, the defendant argues that the second amended complaint corrects the defects that were the basis for striking counts one through five of the amended complaint.
"It has long been established that there is an absolute privilege for statements made in judicial proceedings." Petyan v. Ellis,
CT Page 682200 Conn. 243, 245, 510 A.2d 1337 (1986). "[C]ommunications uttered or published in the course of judicial proceedings are absolutely privileged so long as they are in some way pertinent to the subject of the controversy." (Internal quotation marks omitted.) Id., 246. "The policy underlying the privilege is that in certain situations the public interest in having people speak freely outweighs the risk that individuals will occasionally abuse the privilege by making false and malicious statements." (Internal quotation marks omitted.) Id., 245-46. "While no civil remedies can guard against lies, the oath and the fear of being charged with perjury are adequate to warrant an absolute privilege for a witness' statements." DeLaurentis v. New Haven, 220 Conn. 225,264, 597 A.2d 807 (1991) (While parties and their counsel who bring unfounded actions for personal motives are subject to liability for vexatious suit or abuse of process, "[t]heir statements in pleadings or in court . . . cannot independently be made the basis for an action in libel . . . or . . . intentional infliction of emotional distress.").
As a general rule, one who gives false testimony at a judicial proceeding is not liable to the party against whom the judgment is rendered. Fusario v. Cavallaro, 108 Conn. 40, 43-44,142 A. 391 (1928). "[A] witness is required to testify under oath and, therefore, is subject to criminal penalties for perjury, which presumably inhibit falsification. . . . There is, of course, no `really effective civil remedy against perjurers'; that lack is `simply part of the price that is paid for witnesses who are free from intimidation by the possibility of civil liability for what they say.'" (Emphasis added.) Petyan v. Ellis, supra, 200 Conn. 251, citing W. Prosser W. Keeton, Torts (5th Ed. 1984) § 114, p. 817.
Under the circumstances in the present case, the plaintiff has failed to allege facts sufficient to state a claim against the defendant. The plaintiff essentially alleges that the defendant gave false and misleading testimony at the plaintiff's divorce trial. Such testimony is absolutely privileged so long as it is in some way pertinent to the subject of the controversy. Petyan v. Ellis,
supra, 200 Conn. 245-46. In the court's memorandum of decision on the original motion to strike, Judge Dean stated that "[t]he complaint is based upon communications uttered in the course of the dissolution action, and therefore, the plaintiff cannot state a cause of action based upon the representations made in court."Bieluch v. Dobensky, supra. In addition, Judge Dean concluded that the plaintiff's claims should have been raised on an appeal from the dissolution action. Id., citing Shrobar v. Jensen,
CT Page 683158 Conn. 202, 206, 257 A.2d 806 (1969) (plaintiffs should have raised claim that defendant's counsel made misrepresentations to the zoning board in a direct appeal from the action of the board). Furthermore, even if the defendant did commit perjury for which she would be criminally liable, there simply is "no really effectivecivil remedy against perjurers." (Internal quotation marks omitted; emphasis added.) Petyan v. Ellis, supra, 200 Conn. 251. Accordingly, the plaintiff's claims in the second amended complaint, which are based on the alleged false and misleading testimony of the defendant, are barred by the doctrine of absolute privilege. See Mascia v. Faulkner, Superior Court, judicial district of New Haven at New Haven, Docket No. 349036 (April 28, 1994, Fracasse, J., 9 CSCR 565, 567) (granting a motion for summary judgment as to all claims not based on vexatious litigation or abuse of process since the defendants' statements in a federal action were absolutely privileged).
"The absolute privilege for statements made in judicial proceedings . . . does not insulate parties from suits for vexatious suit or abuse of process." Mascia v. Faulkner, supra,9 CSCR 566, citing DeLaurentis v. New Haven, supra, 220 Conn. 263-64. "An action for abuse of process lies against any person using a legal process against another in an improper manner or to accomplish a purpose for which it was not designed." (Internal quotation marks omitted.) Mozzochi v. Beck, 204 Conn. 490
494, 529 A.2d 171 (1987) (allegation that defendants continued to pursue litigation "to inflict injury upon the plaintiff and to enrich themselves and their said client although they knew that their said lawsuit was without merit," was insufficient to state a claim for abuse of process). In order to establish a cause of action for abuse of process, the plaintiff must "point to specific misconduct intended to cause specific injury outside of the normal contemplation of private litigation." Id., 497. "[T]he fact that there existed an incidental motive of spite or an ulterior purpose of benefit to the defendant is not sufficient to constitute a cause of action for abuse of process." (Internal quotation marks omitted.) Jackson v. R. G. Whipple, Inc., 225 Conn. 705, 720,627 A.2d 374 (1993).
In the previous motion to strike, Judge Dean concluded that the plaintiff failed to state a claim for abuse of process. The only additional allegation in the second amended complaint relevant to a claim for abuse of process is that "[t]he defendant abused the judicial process by her conduct as set forth herein." Second Amended Complaint, Second Count, Para. 36. The conduct referred to is the CT Page 684 alleged false testimony by the defendant regarding the quit claim deed. The plaintiff fails to allege that the defendant used legal process in an improper manner or to accomplish a purpose for which it was not intended. Accordingly, the plaintiff has failed to allege facts sufficient to state a claim for abuse of process.
Finally, with the possible exception of count three, which is based on CUTPA, the plaintiff has failed to remedy the deficiencies which were the basis for striking the plaintiff's amended complaint. Nevertheless, because the plaintiff's claims are barred by the doctrine of absolute privilege, the court need not address these additional grounds for striking the complaint.
Based upon the foregoing, the plaintiff's claims in counts one through five of the second amended complaint, which are based on the defendant's alleged false testimony, are barred by the doctrine of absolute privilege. Accordingly, the defendant's motion to strike the second amended complaint is granted.
Tobin, J.